Submitted January 27, affirmed February 24, 2022

WESTERN SUN CAPITAL,
*Plaintiff-Respondent,*

*v.*

Lisa Mae GOMEZ,
*Defendant-Appellant.*

Linn County Circuit Court
101523; A174805

505 P3d 506

Thomas McHill, Judge.

Mark G. Obert and Johnstone & Obert filed the brief for appellant.

Jesse Neal Spencer filed the brief for respondent.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals an order authorizing the sale of her residence to satisfy a judgment entered against her for plaintiff. Defendant assigns three errors. As to the first and second assignments of error, as we discuss briefly below, we do not address the merits of those assignments, because they do not challenge rulings made in the order on appeal. In defendant's third assignment of error, she asserts that the trial court erred when it granted plaintiff's motion authorizing the sale of residential property under ORS 18.906. We affirm.

We first address defendant's first and second assignments of error. Defendant asserts that the scope of this appeal encompasses three orders which the trial court entered as a part of the parties' litigation. Those orders were, first, an order allowing plaintiff to correct a scrivener's error in the complaint; second, the denial of a motion to set aside a default judgment; and third, an order allowing plaintiff to levy and sell defendant's residence. As plaintiff aptly asserts, defendant's only reviewable claim is the third order challenging the court's order allowing plaintiff to levy and sell defendant's residence because that is the only order properly before us.

The following facts are brief and procedural. On June 17, 2021, defendant filed an amended notice of appeal from an "order re: defendant's motion to vacate default order and judgment" and an "order re: plaintiff's motion to correct scrivener's error," both entered on October 7, 2020.[1] Defendant filed the opening brief on July 12, 2021; defendant's first two assignments of error stem from orders that were the subject of the amended notice of appeal. On July 13, 2021, the amended notice of appeal from the "order re: defendant's motion to vacate default order and judgment" and the "order re: plaintiff's motion to correct scrivener's error" was dismissed by order as untimely, *see* ORS 19.255(1) ("[A] notice of appeal must be served and filed within 30 days after the judgment[.]"); ORS 19.270(2) (setting forth the

---

[1] For purposes of readability, and because it does not affect our analysis, we omit the capitalization of the trial court's orders.

requirements for appellate jurisdiction), and the appeal proceeded from the "order authorizing levy and sale of defendant's interest in real property and authorizing supplemental judgment for supplemental attorney fees." Defendant did not seek reconsideration of our decision, and, accordingly, as previously held, defendant's appeal of those orders are untimely. Consequently, any errors in those orders are not properly before us.

In defendant's third assignment of error, she asserts that the trial court erred in granting the motion to sell her residence. In making those arguments, she relies on the errors that she raised in her first and second assignment of error. Accordingly, we cannot conclude that the court erred in granting plaintiff's motion.

Affirmed.